16-3646-cv
Williams v. Long Beach Mortgage Company

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand eighteen.

PRESENT:
>> **DENNIS JACOBS,**
>> **PETER W. HALL,**
>> **CHRISTOPHER F. DRONEY,**
>> *Circuit Judges.*

_____

Valerie Williams,

>> *Plaintiff-Appellant*,

>> v.                                             16-3646

Long Beach Mortgage Company, Deutsche Bank National Trust Company, (as Trustee for Long Beach Mortgage Trust 2006-2), J.P. Morgan Chase Bank, National Association, Pitnick & Margolin LLP, C. Lance Margolin,

>> *Defendants-Appellees*,

Steven J. Baum, Dawn Hanzlik-Hexemer, Unknown Others,

>> *Defendants.*[*]

_____

---

[*] The Clerk of Court is directed to amend the official caption as set forth above.

**FOR PLAINTIFF-APPELLANT:**          Valerie Williams, Mount Vernon, NY.

**FOR DEUTSCHE BANK AND J.P MORGAN:**  Jonathan E. Samon, McGlinchey Stafford, New York, NY.

**FOR PITNICK & MORGOLIN LLP AND**
**C. LANCE MARGOLIN:**          Alan H. Weinreb, The Margolin & Weinreb Law Group, LLP, Syosset, NY.

**FOR LONG BEACH MORTGAGE CO.:**          No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Valerie Williams, pro se, appeals from a judgment dismissing her amended complaint. Williams sued various financial institutions and law firms for fraud stemming from a mortgage foreclosure. The district court dismissed for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo dismissals for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), "accepting as true the allegations in the complaint and drawing all reasonable inferences in favor of the plaintiff." *Cayuga Nation v. Tanner*, 824 F.3d 321, 327 (2d Cir. 2016) (citations omitted). Williams affirmatively waives any challenge to the district court's determination that it lacked original federal jurisdiction. She argues that the district court should have exercised supplemental jurisdiction over her state-law claims, asserting that she submitted substantial evidence of her equitable interest in her home. As we recently reaffirmed, "a district court 'cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction.'" *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The district court correctly concluded that it lacked subject matter jurisdiction over Williams's purported federal claims, and was "thereby precluded from exercising supplemental jurisdiction over related state-law claims." *Id.*

We have considered Williams's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court